**TOGUT, SEGAL & SEGAL LLP**
Albert Togut
Kyle J. Ortiz
Brian F. Moore
One Penn Plaza, Suite 3335
New York, NY  10119
Phone:  (212) 594-5000
Email:  altogut@teamtogut.com
           kortiz@teamtogut.com
           bmoore@teamtogut.com

*Proposed Counsel to the Debtors and Debtors in Possession*

**SHEARMAN & STERLING LLP**
Fredric Sosnick
William S. Holste
Jacob S. Mezei
599 Lexington Avenue
New York, NY  10022
Phone:  (212) 848-4000
Email:  fsosnick@shearman.com
           william.holste@shearman.com
           jacob.mezei@shearman.com

**SHEARMAN & STERLING LLP**
Ian E. Roberts (*pro hac vice* pending)
2601 Olive Street, 17th Floor
Dallas, TX  75201
Phone:  (214) 271-5777
Email:  ian.roberts@shearman.com

*Proposed Special Counsel to the Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (__) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) EXTENDING
TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS
OF FINANCIAL AFFAIRS; AND (II) GRANTING ADDITIONAL TIME TO FILE
REPORTS OF FINANCIAL INFORMATION REQUIRED UNDER BANKRUPTCY
RULE 2015.3; AND (III) GRANTING RELATED RELIEF**

---

[1] The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  49 South 2nd Street, Brooklyn, NY 11249.

Vice Group Holding Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), respectfully represent in support of this motion (the "Motion") as follows:

## Relief Requested

1. The Debtors request entry of an order, in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) extending the initial 14-day period (the "Initial Deadline") to file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") by an additional 30 days through and including June 28, 2023 (the "Extended Deadline"), pursuant to Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and (ii) granting the Debtors an additional thirty (30) days, after the first meeting of the creditors to be held pursuant to section 341 of title 11 of the United States Code (the "Bankruptcy Code") (the "341 Meeting") to file financial information reports (the "Rule 2015.3 Reports"), without prejudice to the Debtors right to request additional time if necessary and (iii) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012 (Preska, C.J.) (the "Amended Standing Order").

3. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for relief are sections 105(a) and 521(a) of the Bankruptcy Code, Bankruptcy

2

Rules 1007(c), 1007(a)(3), and 9006(b), and Rules 1007-1, 9006-2, and 9013-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

4. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the Court's entry of a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

## Background

5. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court, and contemporaneously herewith have requested joint administration of the Chapter 11 Cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

6. From their humble beginnings as a niche magazine, the Debtors and their non-Debtor affiliates (collectively, "VICE") have grown into a global media company that focuses on content centered around news and culture, serving a largely global youth audience. Today, VICE is a global, multiplatform media company that has a powerful brand, diversified financial profile, premium content, and rich engagement with its youth-targeted audience. With production hubs around the world, VICE creates thousands of pieces of content a week globally, including editorial, digital and social video, experiential events, commercials, music videos, scripted and unscripted television, feature documentaries, and movies. Additional facts relating to the Debtors'

3

businesses and capital structure, and the commencement of these Chapter 11 Cases, are set forth in the *Declaration of Frank A. Pometti in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"), which was filed contemporaneously with this Motion and is incorporated herein by reference.[2]

## Basis for Relief

### I.     The Deadline to File Schedules and Statement Should be Extended

7.     Section 521 of the Bankruptcy Code requires a debtor to file schedules of assets and liabilities and statements of financial affairs unless the bankruptcy court orders otherwise. *See* 11 U.S.C. § 521(a)(1)(A)–(B). These schedules and statements must be filed within 14 days after the petition date unless the bankruptcy court grants an extension of time "on motion for cause shown and on notice to the United States Trustee, any committee . . . , trustee, examiner, or other party as the court may direct." Fed. R. Bankr. P. 1007(c).

8.     In addition to the powers granted under section 521(a) of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Court also has the authority, consistent with section 105(a) of the Bankruptcy Code, to grant the relief requested herein. Pursuant to section 105(a) of the Bankruptcy Code, the Court may issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) therefore authorizes a bankruptcy court to issue injunctions or take other necessary steps in aid of its jurisdiction. *See, e.g., MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 93 (2d Cir. 1988). Such orders are appropriate where, as here, they are essential to the debtor's reorganization efforts and do not burden creditors. *See In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994)

---

[2]   Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

4

(holding that, as courts of equity, bankruptcy courts are empowered to invoke equitable principles to achieve fairness and justice in the reorganization process).

9. Additionally, Bankruptcy Rule 9006(b)(1) provides for the enlargement of time and states, in relevant part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of the court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

10. Furthermore, Local Rule 9006-2 provides, in pertinent part:

> [W]hen a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules, or order of the Court, with a return date that is no later than fourteen (14) days after the date of such filing or, if the Court is unable to schedule a return date within such period, as soon thereafter as the return date may be scheduled by the Court, the time shall automatically be extended until the Court resolves the motion to extend the time. An automatic extension under this rule shall not require the issuance or entry of an order extending the time.

Local Rule 9006-2.

11. An extension of time to file the Schedules and Statements through and including the Extended Deadline is appropriate in light of the circumstances. The Debtors' consolidated list of creditors identifies more than 50,000 potential creditors across thirty-two (32) Debtors. To prepare the Schedules and Statements, the Debtors and their advisors must gather, review, and assemble information from books, records, and documents related to claims against the Debtors, as well as the Debtors' extensive assets and contracts. Consequently, collecting the information necessary to complete the Schedules and Statements will require substantial time and effort on the part of the

5

Debtors' advisors. Up to this point, the Debtors' limited resources have been focused on preparing these Chapter 11 Cases for filing, running the sale process, and addressing events surrounding the filing.

12. Although the Debtors and their advisors will work diligently and expeditiously to prepare the Schedules and Statements, in light of the amount of work required to complete the Schedules and Statements, and the substantial burdens already imposed on the Debtors and their advisors by the commencement of these Chapter 11 Cases, the Debtors believe that the 14-day period of time in which to file the Schedules and Statements will not be sufficient. Accordingly, the Debtors respectfully submit that "cause" exists to extend the Initial Deadline as requested herein.

13. Recognizing the importance of the Schedules and Statements in these Chapter 11 Cases, the Debtors intend to complete the Schedules and Statements as quickly as possible under the circumstances. Nevertheless, an extension of time to file the Statements and Schedules will permit the Debtors and their advisors to gather the necessary information in a manner that maximizes accuracy and avoids the necessity of subsequent corrections and amendments. All parties will benefit from the enhanced accuracy of the information-gathering process. Additionally, the Debtors respectfully submit that an extension of time to file the Schedules and Statements will not prejudice any creditor or other third party.

14. Courts in this district have granted similar relief in other recent chapter 11 cases. *See, e.g., In re Revlon, Inc.*, Case No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June 17, 2022) [Docket No. 83] (extending the time to file schedules by 45 days); *In re GTT Communications*, Case No. 21-11880 (MEW) (Bankr. S.D.N.Y. Nov. 4, 2021) [Docket No. 60] (61-day extension); *In re Automotores Gildemeister SpA,* Case No. 21-10685 (LGB) [Docket No. 67] (Bankr. S.D.N.Y. Apr. 28, 2021) (59-day extension); *In re Lakeland Tours*

6

*LLC.,* Case No. 20-11647 (JLG) [Docket No. 63] (Bankr. S.D.N.Y. Aug. 1, 2020) (155-day extension); *LATAM Airlines Group S.A.,* Case No. 20-11254 (JLG) (Bankr. S.D.N.Y. June 1, 2020) [Docket No. 75] (45-day extension); *In re Avianca Holdings, S.A.*, Case No. 20-11133 (MG) (Bankr. S.D.N.Y. May 12, 2020) [Docket No. 44] (59-day extension).

15. At this juncture, the Debtors estimate that an extension of approximately thirty (30) days from the Initial Deadline will provide sufficient time to prepare and file the Schedules and Statements. Accordingly, the Debtors request that the Court extend the time to file the Schedules and Statements through and including the Extended Deadline, without prejudice to seek further extensions.

**II.    The Deadline to File Rule 2015.3 Reports Should Be Extended**

16. Rule 2015.3(a) requires the Debtors to file periodic Rule 2015.3 Reports on "the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the estate holds a substantial or controlling interest." Fed. R. Bankr. P. 2015.3(a). The first Rule 2015.3 Reports must be filed "not later than seven days before the first date set" for the 341 Meeting. Fed. R. Bankr. P. 2015.3(b). While the 341 Meeting has not yet been scheduled, it will ultimately be set by the United States Trustee in the early days of these Chapter 11 Cases.

17. Pursuant to Bankruptcy Rule 9006(b)(1), this Court may, "for cause shown," enlarge the period of time within which an act is required to be done." Fed. R. Bankr. P. 9006(b)(1). Cause exists to extend the deadline for filing the Debtors' Rule 2015.3 Reports as requested herein based on: (a) the number of entities and complexity of the Debtors' businesses, (b) the time and resources that must be devoted by the Debtors' financial advisors and other professionals to collect, analyze, and present the

7

Rule 2015.3 Reports as prescribed in Official Form 26, and (c) the costs to the Debtors' estates of preparing the Rule 2015.3 Reports.

18.     At this time, the Debtors consist of thirty-two (32) separate entities. Debtor Vice Group Holding Inc. is the ultimate parent company of all 32 Debtor entities.

19.     To prepare the Rule 2015.3 Reports, the Debtors must compile information from books, records, and other necessary documents from locations around North America, Europe, the Middle East, and Asia.  In addition, the Debtors' employees and advisors are engaged in numerous other tasks necessary to facilitate these Chapter 11 Cases, including the preparation of various other schedules, reports, and other papers required by the Bankruptcy Code and the Bankruptcy Rules.  The combination of these tasks has imposed substantial burdens on the Debtors' management, personnel, and advisors, in addition to the day-to-day operations of the Debtors' businesses.

20.     The relief requested herein also will not prejudice any party in interest. The Debtors intend to work cooperatively with the U.S. Trustee and any other necessary parties in these Chapter 11 Cases to provide access to relevant information regarding the business and financial affairs of the Debtors and their non-debtor subsidiaries.

21.     The Debtors submit that the considerations described above amply demonstrate that an extension of time is warranted.

22.     Courts in this district have granted similar relief in other chapter 11 cases. *See, e.g., In re Celsius Network LLC,* Case No. 22-10964 (MG) (Bankr. S.D.N.Y. July 19, 2022) (extending deadline to rile Rule 2015.3 Reports to 30 days after 341 Meeting); *In re Voyager Digital Holdings, Inc.,* Case No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 8, 2022) (granting debtors a 30-day extension from the petition date to file 2015.3 reports); *In re Revlon, Inc.* Case No. 22-10760 (DSJ) (Bankr. S.D.N.Y. June, 17, 2022) (granting the

debtors a 45-day extension from the petition date to file 2015.3 reports); *In re Pareteum Corporation*, Case No. 22-10615 (LGB) (Bankr. S.D.N.Y. May 18, 2022) (granting the debtors a 44-day extension from the petition date to file 2015.3 reports); *Windstream Holdings, Inc.*, Case No. 19-22312 (RDD) (Bankr. S.D.N.Y. Feb. 28, 2019) (extending deadline to file Rule 2015.3 Reports to 30 days after 341 Meeting); *Ditech Holding Corporation*, Case No. 19-10412 (JLG) (Bankr. S.D.N.Y. Feb. 15, 2019) (35 days).[3]

23.     Accordingly, the Debtors respectfully request that the Court extend the time in which the Debtors must file their initial Rule 2015.3 Reports until 30 days after the 341 Meeting, without prejudice to seek further extensions. As with the Schedules and Statements, if a final resolution of the Debtors' prepackaged plan is accomplished in the time frame the Debtors are currently working towards, they reserve their right to file a motion seeking waiver of the requirement to file 2015.3 Reports.

## Motion Practice

24.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, the Debtors submit that this Motion satisfies Local Rule 9013-1(a).

## Notice

25.     Notice of this Motion will be provided to: (i) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Andrea B. Schwartz); (ii) the parties identified on the Debtors' consolidated list of 30 largest unsecured creditors; (iii) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: David M. Feldman,

---

[3] Because of the voluminous nature of the orders cited herein, they are not attached to this Motion. Copies of these orders, however, are available on request.

Michael S. Neumeister, and Tommy Scheffer), counsel to the DIP/First Lien Group; (iv) Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019 (Attn: Scott K. Charles and Neil M. Snyder), counsel to TPG Virat Holdings 1, L.P., and Sixth Street Virat Holdings 3, LLC; (v) Shipman & Goodwin LLP (Attn: Marie C. Pollio), counsel to Wilmington Trust, National Association; (vi) the Internal Revenue Service; (vii) the Office of the United States Attorney for the Southern District of New York; (viii) the offices of the attorneys general in the states in which the Debtors operate; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Previous Request

26. No previous request for the relief sought herein has been made by the Debtors to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order granting the relief requested herein and such other and further relief as the Court deems just and appropriate.

Dated: May 15, 2023
      New York, New York

    VICE GROUP HOLDING INC., *et al.*
*Debtors and Debtors in Possession*
*By Their Proposed Counsel*
TOGUT, SEGAL & SEGAL LLP,
By:

*/s/ Kyle J. Ortiz*
ALBERT TOGUT
KYLE J. ORTIZ
BRIAN F. MOORE
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
altogut@teamtogut.com
kortiz@teamtogut.com
bmoore@teamtogut.com

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. __-_____(__) |
| Debtors.[1] | (Joint Administration Requested) |

**ORDER (I) EXTENDING TIME TO FILE
SCHEDULES OF ASSETS AND LIABILITIES AND
STATEMENTS OF FINANCIAL AFFAIRS; (II) GRANTING ADDITIONAL
TIME TO FILE REPORTS OF FINANCIAL INFORMATIONREQUIRED UNDER
BANKRUPTCY RULE 2015.3; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order") (i) extending the initial 14-day period (the "Initial Deadline") to file their schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") by an additional 30 days through and including June 28, 2023 (the "Deadline"), and (ii) granting the Debtors an additional thirty (30) days, after the first 341 Meeting to file the Rule 2015.3 Reports, without prejudice to the Debtors' right to request additional time if necessary and (iii) granting related relief, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Standing Order; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before

---

[1] The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice. The location of the Debtors' service address for purposes of these chapter 11 cases is: 49 South 2nd Street, Brooklyn, NY 11249.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Pg 14 of 15

this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this Court may enter a final order consistent with Article III of the United States Constitution; and due and proper notice of the Motion having been provided to the Notice Parties, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Motion; and upon the First Day Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The time within which the Debtors shall file their Schedules and Statements is extended through and including June 28, 2023 (the "Deadline").

3. The time by which the Debtors must file their Rule 2015.3 Reports is extended thirty (30) days.

4. This Order shall be without prejudice to the Debtors' rights to seek additional extensions of the time to file their Schedules and Statements and 2015.3 Reports.

5. The Debtors are authorized to take any and all actions necessary to effectuate the relief granted herein.

6. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:_____    _____
                               UNITED STATES BANKRUPTCY JUDGE

3