| | |
|---|---|
| **TOGUT, SEGAL & SEGAL LLP** | **SHEARMAN & STERLING LLP** |
| Albert Togut | Fredric Sosnick |
| Kyle J. Ortiz | William S. Holste |
| Brian F. Moore | Jacob S. Mezei |
| One Penn Plaza, Suite 3335 | 599 Lexington Avenue |
| New York, NY  10119 | New York, NY  10022 |
| Phone:  (212) 594-5000 | Phone:  (212) 848-4000 |
| Email:   altogut@teamtogut.com | Email:   fsosnick@shearman.com |
|             kortiz@teamtogut.com |             william.holste@shearman.com |
|             bmoore@teamtogut.com |             jacob.mezei@shearman.com |
| *Proposed Counsel to the Debtors and Debtors in Possession* | -and- |
| | Ian E. Roberts (*pro hac vice* pending) |
| | 2601 Olive Street, 17th Floor |
| | Dallas, TX  75201 |
| | Phone:  (214) 271-5777 |
| | Email:   ian.roberts@shearman.com |
| | *Proposed Special Counsel to the Debtors and Debtors in Possession* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (__) |
| Debtors.[1] | (Joint Administration Requested) |

**DEBTORS' MOTION TO SHORTEN NOTICE TO CONSIDER DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING BIDDING, NOTICING, AND ASSUMPTION AND ASSIGNMENT PROCEDURES, (II) AUTHORIZING AND APPROVING THE DEBTORS' ENTRY INTO THE STALKING HORSE AGREEMENT, (III) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AND (IV) GRANTING RELATED RELIEF**

---

[1] The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  49 South 2nd Street, Brooklyn, NY 11249.

Vice Group Holding Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), respectfully represent in support of this motion (the "Motion") as follows:

## Relief Requested

1. The Debtors seek entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, (a) shortening the notice and objection periods for *Debtors' Motion to Shorten Notice to Consider Debtors' Motion for Entry of an Order (I) Establishing Bidding, Noticing, and Assumption and Assignment Procedures, (II) Authorizing and Approving the Debtors' Entry into the Stalking Horse Agreement, (III) Approving the Sale of Substantially all of the Debtors' Assets, and (IV) Granting Related Relief* (the "Bidding Procedures Motion"), filed contemporaneously herewith, setting the hearing to consider entry of an order approving the Bidding Procedures Motion (the "Bidding Procedures Order"), including approval of the Bidding Procedures on or before May 26, 2023 at 10:00 a.m. (Eastern Time) (the "Hearing") and setting the objection deadline to entry of the Bidding Procedure Order to May 24, 2023 at 10:00 a.m. (Eastern Time), two calendar days before the Hearing, and (b) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409. The statutory and legal predicates for the relief requested herein are sections 102(1) and 105 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), pursuant to rule 9006(c) of the Federal

2

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and pursuant to Local Rules 9006-1 and 9077-1.

3. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with this Court, and contemporaneously herewith have requested joint administration of the Chapter 11 Cases for procedural purposes only, pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these Chapter 11 Cases, and no official committees have been appointed or designated.

4. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). The Debtors confirm their consent to the Court's entry of a final order in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

**Background**

5. From their humble beginnings as a niche magazine, the Debtors and their non-Debtor affiliates (collectively, "VICE") have grown into a global media company that focuses on content centered around news and culture, serving a largely global youth audience. Today, *VICE* is a global, multiplatform media company that has a powerful brand, diversified financial profile, premium content, and rich engagement with its youth-targeted audience. With production hubs around the world, *VICE* creates thousands of pieces of content a week globally, including editorial, digital and social video, experiential events, commercials, music videos, scripted and unscripted television, feature documentaries, and movies. Additional facts relating to the Debtors' businesses

3

and capital structure, and the commencement of these Chapter 11 Cases, are set forth in the *Declaration of Frank A. Pometti in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration"), which was filed contemporaneously with this Motion and is incorporated herein by reference.[2]

6.   In order to maximize the value of these estates, the Debtors are pursuing a process to sell substantially all of their assets including the Debtors' interests in certain non-Debtor subsidiaries (collectively, the "Assets"). To that end, the Debtors have negotiated the terms of a stalking horse purchase agreement (the "Stalking Horse Agreement"). The entry into the Stalking Horse Agreement is a critical step in the Debtors' efforts to preserve their collective businesses as a going concern and is essential to the sale process that the Debtors have been actively pursuing for the past several months. Having extensively marketed the Assets prior to the Petition Date, the Debtors believe that a sale on the timetable described in the Bidding Procedures Motion is necessary and appropriate to sell the Debtors' assets in a value-maximizing transaction.

7.   The Stalking Horse Agreement is the result of extensive prepetition negotiations with the administrative agents and lenders (collectively, the "Senior Secured Parties") under that certain Amended and Restated Credit and Guaranty Agreement, dated November 4, 2019. The Debtors also negotiated postpetition financing with the Senior Secured parties under the Senior Secured Super-Priority Term Loan Debtor-in-Possession Credit and Guaranty Agreement (as amended, restated, or supplemented, the "DIP Credit Agreement").[3] The DIP Credit Agreement contains certain key milestones (the "DIP Milestones") that govern the sale of the Assets (the

---

[2]   Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the First Day Declaration.

[3]   Contemporaneously herewith, the Debtors have filed the *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral, (II) Granting Liens and Superpriority Claims, (III) Modifying the Automatic Stay, (IV) Granting Adequate Protection to Prepetition Secured Parties, (V) Scheduling a Final Hearing, and (VI) Granting Related Relief.*

4

"Bidding Procedures"). One of the DIP Milestones is that no later than 15 days after the Petition Date, the Debtors must obtain an entry of an order approving the Bidding Procedures and authorizing the Debtors to enter into the Stalking Horse Agreement.

### Basis for Relief

8. Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.

9. Pursuant to Bankruptcy Rule 9007, the Court has authority to regulate the time within which, the entities to whom and the form and manner in which, notice shall be given, which includes the authority to determine appropriate notice for conducting a hearing on the matters presented by the Bidding Procedures Motion. Bankruptcy Rule 9006(c) further provides that the Court "for cause shown may in its discretion with or without motion or notice order the period reduced."

10. Here, the Debtors seek to have the Bidding Procedures Motion heard on 12 days' notice in compliance with the DIP Milestones. Compliance with these milestones allows the Debtors to explore interest in a value-maximizing transaction expeditiously. Failure to comply with these milestones will constitute an Event of Default under the DIP Facility that, if uncured, would likely result in the maturity and acceleration of the DIP Facility and loss of access to cash collateral. Without continued access to the DIP Facility and cash collateral, the Debtors would likely liquidate, to the detriment of the Debtors, their stakeholders, and all other parties-in-interest.

The DIP Facility is a crucial part of the Debtors' 363 Sale process, without which the Debtors cannot conclude their year-long, extensive, marketing process.

11. In light of the Debtors' extensive marketing efforts, the Debtors' liquidity runway in these Chapter 11 Cases, and the need to comply with the DIP Milestones, the Debtors have proposed an expeditious timeline for the marketing and sale of their business through the Bidding Procedures. The proposed timeline balances the need to provide adequate and appropriate notice to parties in interest and potential bidders with the need to quickly and efficiently run a sale process to maximize the value of the Debtors' estates.

12. This Motion will not impact the notice periods for objection to the sale or the assumption and assignment of executory contracts. If an interested party wants to object, such party will have sufficient time to object to the sale process or any aspect of the sale.

13. The notice period prior to a hearing on bidding procedures has been shortened by courts in this jurisdiction under similar exigent circumstances. *See, e.g.*, *In re Genesis Global Holdco, LLC*, Case No. 23-10063 (SHL) (Bankr. S.D.N.Y. Mar. 17, 2023) (ECF No. 139) (shortening notice to 14 days); *In re Barneys New York, Inc.*, Case No. 19-36300 (CGM) (Bankr. S.D.N.Y. Aug. 12, 2019) (ECF No. 95) (shortening notice to 12 days); *In re Blockbuster Inc.*, Case No. 10-14997 (BRL) (Bankr. S.D.N.Y. Feb. 21, 2011) (ECF No. 949) (shortening notice to 9 days); *In re Saints Vincents*, Case No. 05-14945 (ASH) (Bankr. S.D.N.Y. Dec. 14, 2006) (ECF No. 2514) (shortening notice to 6 days); *In re Footstar, Inc.*, Case No. 04-22350 (ASH) (Bankr. S.D.N.Y. Mar. 26, 2004) (ECF No. 217) (shortening notice to 10 days); *In re Ames Dep't Stores, Inc.*, Case No. 01-42217 (REG) (Bankr. S.D.N.Y Oct. 30, 2002) (ECF No. 1306) (shortening notice to 7 days).

14. The *Guidelines for Asset Sales* established by the Court, originally promulgated by General Order M-383 and later amended on March 6, 2013 (the "Guidelines"), which discuss relief with respect to bidding procedures, among other things, provide that "[t]he Guidelines are designed to help practitioners identify issues . . . so that, among other things, determinations can be made, if necessary, on an expedited basis." *See Guidelines*, p.1. The Guidelines, therefore, contemplate the possibility that parties would seek the type of relief requested in the Bidding Procedures Motion on an expedited basis and also expected to make decisions on an expedited basis.

15. With respect to the notice period for motions seeking approval of bidding procedures, section II.B.2. of the Guidelines provides that:

> As a general matter, the minimum 21-day notice period set forth in Bankruptcy Rule 2002(a) can be shortened with respect to the request for approval of a proposed Sale Procedures Order, that does not involve Extraordinary Provisions and complies with these Guidelines, without compromising the finality of the proposed transaction. The 14-day notice period provided for in Local Rule 9006-1(b) should provide sufficient time, under most circumstances, to enable any parties-in interest to file an objection to proposed sale procedures.

*Guidelines*, p.12. As more fully described in the Bidding Procedures Motion, the Stalking Horse Agreement includes "Extraordinary Provisions" as that term is used in the Guidelines.[4] Nevertheless, the Debtors believe that cause exists to shorten time with respect to the hearing on the Bidding Procedures Motion.

16. Specifically, in order to comply with the DIP Milestones, the Debtors propose that the hearing on the Bidding Procedures Motion be held on or before May 26, 2023, 12 days from the date hereof.[5]

---

[4] The Extraordinary Provisions include: No Good Faith Deposit, Record Retention, Sale of Avoidance Actions, and Requested Findings as to Success Liability (as those terms are used in the Guidelines).

[5] Although the Milestones would allow for the Bidding Procedures Motion to be held within 15 days of the Petition Date, the 15th day would fall on Monday May 29, 2023, which is the federal holiday of Memorial Day.

17. The Debtors submit for the reasons set forth above that shortening the notice for the Hearing to enter the Bidding Procedures Order is appropriate in this instance and in the best interest of the Debtors, their estates, and their creditors.

**Reservation of Rights**

18. Nothing contained herein is intended or shall be construed as: (a) an admission as to the amount of, basis for or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the right of the Debtors or any other party in interest to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in or other encumbrance on property of the Debtors' estates; or (g) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law. If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' rights to subsequently dispute such claim.

**Notice**

19. Notice of this Motion will be provided to: (i) the Office of the United States Trustee for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attn: Andrea B. Schwartz); (ii) the parties identified on the Debtors' consolidated list of 30 largest unsecured creditors; (iii) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: David M. Feldman, Michael S. Neumeister, and Tommy Scheffer), counsel to the

DIP/First Lien Group; (iv) Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019 (Attn: Scott K. Charles and Neil M. Snyder), counsel to TPG Virat Holdings 1, L.P., and Sixth Street Virat Holdings 3, LLC; (v) Shipman & Goodwin LLP (Attn: Marie C. Pollio), counsel to Wilmington Trust, National Association; (vi) the Internal Revenue Service; (vii) the Office of the United States Attorney for the Southern District of New York; (viii) the offices of the attorneys general in the states in which the Debtors operate; and (ix) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors respectfully submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

20. No prior request for the relief requested herein has been made to this or any other Court.

[*Remainder of page intentionally left blank.*]

## Conclusion

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that this Court (a) enter an order substantially in the form attached hereto as **Exhibit A** and (b) grant such other and further relief as is just and proper.

Dated: May 15, 2023
      New York, New York

**SHEARMAN & STERLING LLP**

/s/ *Fredric Sosnick*
Fredric Sosnick
William S. Holste
Jacob S. Mezei (*pro hac vice* pending)
599 Lexington Avenue
New York, NY 10022
Phone: (212) 848-4000
Email: fsosnick@shearman.com
       william.holste@shearman.com
       jacob.mezei@shearman.com

-and-

Ian E. Roberts (*pro hac vice* pending)
2601 Olive Street, 17th Floor
Dallas, TX 75201
Phone: (214) 271-5777
Email: ian.roberts@shearman.com

*Proposed Special Counsel to the Debtors and Debtors in Possession*

## EXHIBIT A

**Proposed Order**

23-10737-jpm    Doc    Filed 05/15/23    Entered 05/15/23 04:31:30    Main Document
Pg 11 of 14

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (__) |
| Debtors.[1] | (Joint Administration Requested) |

**ORDER TO SHORTEN NOTICE TO CONSIDER DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING BIDDING, NOTICING, AND ASSUMPTION AND ASSIGNMENT PROCEDURES, (II) AUTHORIZING AND APPROVING THE DEBTORS' ENTRY INTO THE STALKING HORSE AGREEMENT, (III) APPROVING THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Vice Group Holding Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (a) shortening the notice period for entry of the Bidding Procedures Order, scheduling a hearing on May 26, 2023 at 10:00 a.m. (Eastern Time) (the "Proposed Hearing"), and requiring that objections to entry of the Bidding Procedures Order be filed and served by two calendar days before the Proposed Hearing on May 24, 2023 at 10:00 a.m. (Eastern Time), and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the Southern District of New York dated January 31, 2012 (Preska, C.J.); and the Court having found that this

---

[1] The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice. The location of the Debtors' service address for purposes of these chapter 11 cases is: 49 South 2nd Street, Brooklyn, NY 11249.

[2] Capitalized terms used, but not defined, in this Order shall have the meaning given such terms in the Motion.

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion was appropriate and no other notice need be provided; and the Court having reviewed the Motion, and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and on the record at the Hearing establish just cause for the relief granted herein; and all objections to the Motion (if any) having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Proposed Hearing to consider entry of the Bidding Procedures Order shall be held on May 26, 2023, at 10:00 a.m. (Eastern Time).

3. The Debtors shall cause notice of the Proposed Hearing to be provided by causing a copy of this Order and the Bidding Procedures Motion via personal delivery, e-mail, fax, or overnight mail upon entry of this Order, on (a) the parties listed on each of the Master Services List and the 2002 List, and (b) the affected entities with respect to the Bidding Procedures Motion.

4. Responses or objections to the Bidding Procedures Motion must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules

for the Southern District of New York, and shall be filed with the Court no later than May 24, 2023, at 10:00 a.m. (Eastern Time) (the "Objection Deadline"). Only those responses that are timely filed, served, and received prior to the Objection Deadline will be considered at the Proposed Hearing. Failure to file a timely objection may result in entry of the Bidding Procedures Order as requested by the Debtors.

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

7. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2023
       New York, New York

UNITED STATES BANKRUPTCY JUDGE

3