**TOGUT, SEGAL & SEGAL LLP**
Albert Togut
Kyle J. Ortiz
Brian F. Moore
One Penn Plaza, Suite 3335
New York, NY 10119
Phone: (212) 594-5000
Email: altogut@teamtogut.com
          kortiz@teamtogut.com
          bmoore@teamtogut.com

*Proposed Counsel to the Debtors and Debtors
in Possession*

**SHEARMAN & STERLING LLP**
Fredric Sosnick
William S. Holste
Jacob S. Mezei
599 Lexington Avenue
New York, NY 10022
Phone: (212) 848-4000
Email: fsosnick@shearman.com
          william.holste@shearman.com
          jacob.mezei@shearman.com

**SHEARMAN & STERLING LLP**
Ian E. Roberts (*pro hac vice* pending)
2601 Olive Street, 17th Floor
Dallas, TX 75201
Phone: (214) 271-5777
Email: ian.roberts@shearman.com

*Proposed Special Counsel to the Debtors and Debtors
in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (JPM) |
| Debtors.[1] | (Joint Administration Requested) |

### NOTICE OF FILING (A) REVISED PROPOSED INTERIM ORDER (I) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR TRANSFERS OF EQUITY SECURITIES AND CLAIMS OF WORTHLESS STOCK DEDUCTIONS AND (II) GRANTING RELATED RELIEF

**PLEASE TAKE NOTICE** that on May 15, 2023 (the "Petition Date"), the

Debtors commenced the above-captioned cases by filing voluntary petitions for relief

under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the

---

[1] The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://https://cases.stretto.com/vice/. The location of the Debtors' service address for purposes of these chapter 11 cases is: 49 South 2nd Street, Brooklyn, NY 11249.

United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

      **PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Debtors' Motion For Entry of Interim and Final Order (I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims of Worthless Stock Deductions and (II) Granting Related Relief* [Docket No. 8] (the "Motion").[2]

      **PLEASE TAKE FURTHER NOTICE** that the Debtors hereby file (a) a revised proposed *Order (I) Establishing Notice and Objection Procedures for Transfers of Equity Securities and Claims of Worthless Stock Deductions and (II) Granting Related Relief* (the "Revised Proposed Interim Order"), attached hereto as **Exhibit A**, and (b) a redline of the Revised Proposed Interim Order, attached hereto as **Exhibit B**, showing the changes to the Proposed Order originally attached to the Motion.

      **PLEASE TAKE FURTHER NOTICE** that a hearing (the "First Day Hearing") to consider the relief sought in the Application, and the Debtors' other "first day" motions filed on the Petition Date, will be held on **May 16, 2023 at 11:00 a.m. (prevailing Eastern Time)**, or as soon thereafter as counsel can be heard, before the Honorable John P. Mastando III, United States Bankruptcy Judge for the Southern District of New York, One Bowling Green, New York, New York 10004, **via Zoom for Government.**

      **PLEASE TAKE FURTHER NOTICE** that Gen. Ord. M-543, along with other temporary procedures implemented by the Bankruptcy Court in connection with the COVID-19 pandemic (including electronic filing procedures for *pro se* parties) can be

---

[2]   Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Application.

found by visiting www.nysb.uscourts.gov (the "Bankruptcy Court's Website) and

clicking on the "Coronavirus COVID-19 Protocol" banner.

**PLEASE TAKE FURTHER NOTICE** that copies of the First Day

Pleadings and First Day Declaration can be viewed and/or obtained by (i) accessing the

Debtors' Claims and Noticing Agents website at: https://cases.stretto.com/vice;  (ii) the

Bankruptcy Court's Website for a fee, or (iii) by contacting the Office of the Clerk of the

United States Bankruptcy Court, Southern District of New York.  Please note that a

PACER password is required to access documents on the Bankruptcy Court's Website.

Dated:  May 16, 2023
        New York, New York

                                        VICE GROUP HOLDING INC., *et al.*
                                        *Debtors and Debtors in Possession*
                                        *By Their Proposed Counsel*
                                        TOGUT, SEGAL & SEGAL LLP,
                                        By:

                                        */s/ Kyle J. Ortiz*
                                        ALBERT TOGUT
                                        KYLE J. ORTIZ
                                        BRIAN F. MOORE
                                        One Penn Plaza, Suite 3335
                                        New York, New York 10119
                                        Telephone: (212) 594-5000
                                        altogut@teamtogut.com
                                        kortiz@teamtogut.com
                                        bmoore@teamtogut.com

**<u>EXHIBIT A</u>**

**Revised Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (JPM) |
| Debtors.[1] | (Joint Administration Requested) |

---

### INTERIM ORDER (I) ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR TRANSFERS OF EQUITY SECURITIES AND CLAIMS OF WORTHLESS STOCK DEDUCTIONS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "<u>Motion</u>")[2] of the Debtors for entry of an order (this

"<u>Interim Order</u>") (i) establishing notice and objection procedures for transfers of equity

securities and claims of worthless stock deductions; (ii) directing that any purchase,

sale, or other transfer of, or declaration of worthlessness with respect to, Vice Stock in

violation of the Equity Procedures be null and void *ab initio*; and (iii) granting related

relief, all as more fully set forth in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and

1334, and the Amended Standing Order; and consideration of the Motion and the

requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that

this Court may enter a final order consistent with Article III of the United States

Constitution; and due and proper notice of the Motion having been provided to the

---

[1]  The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250.  Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice.  The location of the Debtors' service address for purposes of these chapter 11 cases is:  49 South 2nd Street, Brooklyn, NY 11249.

[2]  Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Notice Parties, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Motion; and upon the First Day Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Equity Procedures, as set forth in **Exhibit 1** attached hereto, as well as the forms of notice contained in the exhibits thereto, are hereby approved on an interim basis.

3.      Any transfer of Beneficial Ownership of, or declaration of worthlessness with respect to, Vice Stock, in violation of the Equity Procedures, including but not limited to the notice requirements, shall be null and void *ab initio*, and the person or entity making such transfer or declaration shall be required to take such steps as the Court determines are necessary in order to be consistent with such transfer or declaration being null and void *ab initio*.

4.      The Debtors may seek a further order of this Court, upon appropriate notice, containing certain restrictions, notification requirements, and other procedures with respect to claims against the Debtors, that may be imposed by the Debtors upon

subsequent order of this Court[3] in connection with a plan of reorganization that (i) indicates the Debtors contemplate or (ii) otherwise allows for the use of section 382(l)(5) of the IRC by a reorganized debtor to obtain certain incremental tax benefits.

5.       The Debtors may waive, in writing, in their discretion after consultation with the DIP/First Lien Group, any and all restrictions, stays, and notification procedures set forth in the Equity Procedures; *provided* that such waiver will not prejudice the rights of any other party pursuant to this Interim Order.

6.       Within two business days after the entry of this Interim Order, the Debtors shall provide notice in substantially the form attached hereto as **Exhibit 2** (the "Notice of Interim Order") to:  (i) Office of the United States Trustee for Region 2 (the "U.S. Trustee"); (ii) the parties identified on the Debtors' consolidated list of 30 largest unsecured creditors; (iii) all holders of record (with instructions to serve down to the beneficial owners, if applicable) of Vice Stock; (iv) counsel to any statutory committee appointed in these Chapter 11 Cases; and (v) all parties who, as of the filing of the Interim Order, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.   The Equity Procedures will also be published and made available on the Debtors' Claims and Noticing Agents website at: https://cases.stretto.com/vice.

7.       To the extent confidential information is required in any declaration described in the Equity Procedures, such confidential information may be filed and served in redacted form in accordance with the notice procedures set forth in the Motion; provided, that such declarations shall also be served on the U. S. Trustee and the Bankruptcy Court in unredacted form; and provided further, that such filing is

---

[3]       If the Court enters such an order, the claims procedures shall apply as of the Petition Date and, accordingly, to all transfers of claims from and after the Petition Date.

without prejudice to any party's right to seek to unseal such confidential information.

8.     The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to effectuate the relief granted in this Interim Order.

9.     Notice of the Motion, as provided therein, is deemed good and sufficient under the circumstances, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10.     The requirements of Bankruptcy Rule 6004(h), to the extent applicable, are hereby waived, and this Interim Order shall be immediately effective and enforceable upon its entry.

11.     The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2023, at__:__ _.m. (prevailing Eastern Time). Any party in interest objecting to the relief sought at the Final Hearing or in the Final Order shall file and serve a written objection, which objection shall be served upon: (i) proposed counsel for the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119 (Attn: Kyle J. Ortiz and Brian F. Moore); (ii) proposed special counsel for the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022 (Attn.: Fredric Sosnick) and Shearman & Sterling LLP, 2601 Olive Street, 17th Floor, Dallas, TX 75201 (Attn.: Ian E. Roberts); (iii) the U.S. Trustee, Alexander Hamilton Custom House, One Bowling Green, New York, NY 10004 (Attn: Andrea B. Schwartz and Annie Wells); (iv) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn: David M. Feldman, Michael S. Neumeister, and Tommy Scheffer), counsel to the DIP/First Lien Group; (v) Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019 (Attn: Scott K. Charles and Neil M. Snyder), counsel to TPG Virat Holdings 1, L.P., and Sixth Street Virat Holdings 3, LLC; (vi) Shipman & Goodwin LLP (Attn: Marie C.

Pollio), counsel to Wilmington Trust, National Association; and (vii) counsel to any statutory committee appointed in these Chapter 11 Cases, in each case so as to be received no later than _____, 2023, at 11:59 p.m. (prevailing Eastern Time).  If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

12.     Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any payment to be made and any relief or authorization granted hereunder shall be limited by, and shall be subject to, the requirements imposed on the Debtors in any orders entered by this Court authorizing the Debtors to obtain debtor-in-possession financing and authorizing the use of cash collateral (any such order, a "DIP Order"), including, for the avoidance of doubt, the debtor-in-possession financing and cash collateral budget. To the extent of any conflict (but solely to the extent of such conflict) between the terms of this Interim Order and the terms of any DIP Order, the terms of the DIP Order will govern.

13.     This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Interim Order.

Dated:_____                    _____
                                            UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT B

**Redline Revised Proposed Interim Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| VICE GROUP HOLDING INC., *et al.* | Case No. 23-10738 (JPM)(___) |
| Debtors.[1] | (Joint Administration Requested) |

**INTERIM ORDER (I) ESTABLISHING NOTICE AND OBJECTION
PROCEDURES FOR TRANSFERS OF EQUITY SECURITIES AND CLAIMS OF
WORTHLESS STOCK DEDUCTIONS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this

"Interim Order") (i) establishing notice and objection procedures for transfers of equity

securities and claims of worthless stock deductions; (ii) directing that any purchase,

sale, or other transfer of, or declaration of worthlessness with respect to, Vice Stock in

violation of the Equity Procedures be null and void *ab initio*; and (iii) granting related

relief, all as more fully set forth in the Motion; and the Court having jurisdiction to

consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and

1334, and the Amended Standing Order; and consideration of the Motion and the

requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that

this Court may enter a final order consistent with Article III of the United States

Constitution; and due and proper notice of the Motion having been provided to the

---

[1] The last four digits of Debtor Vice Group Holding Inc.'s tax identification number are 4250. Due to the large number of debtors in these chapter 11 cases, a complete list of the debtor entities and the last four digits of their federal tax identification numbers is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://cases.stretto.com/vice. The location of the Debtors' service address for purposes of these chapter 11 cases is: 49 South 2nd Street, Brooklyn, NY 11249.

[2] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Motion.

Notice Parties, and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having held a hearing to consider the relief requested in the Motion; and upon the First Day Declaration; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED on an interim basis as set forth herein.

2.      The Equity Procedures, as set forth in **Exhibit 1** attached hereto, as well as the forms of notice contained in the exhibits thereto, are hereby approved on an interim basis.

3.      Any transfer of Beneficial Ownership of, or declaration of worthlessness with respect to, Vice Stock, in violation of the Equity Procedures, including but not limited to the notice requirements, shall be null and void *ab initio*, and the person or entity making such transfer or declaration shall be required to take such steps as the Court determines are necessary in order to be consistent with such transfer or declaration being null and void *ab initio*.

4.      The Debtors may seek a further order of this Court, upon appropriate notice, containing certain restrictions, notification requirements, and other procedures with respect to claims against the Debtors, that may be imposed by the Debtors upon

subsequent order of this Court[3] in connection with a plan of reorganization that (i) indicates the Debtors contemplate or (ii) otherwise allows for the use of section 382(l)(5) of the IRC by a reorganized debtor to obtain certain incremental tax benefits.

5.      The Debtors may waive, in writing, in their discretion after consultation with the DIP/First Lien Group, any and all restrictions, stays, and notification procedures set forth in the Equity Procedures; *provided* that such waiver will not prejudice the rights of any other party pursuant to this Interim Order.

6.      Within two business days after the entry of this Interim Order, the Debtors shall provide notice in substantially the form attached hereto as **Exhibit 2** (the "Notice of Interim Order") to:  (i) Office of the United States Trustee for Region 2 (the "U.S. Trustee"); (ii) the parties identified on the Debtors' consolidated list of 30 largest unsecured creditors; (iii) all holders of record (with instructions to serve down to the beneficial owners, if applicable) of Vice Stock; (iv) counsel to any statutory committee appointed in these Chapter 11 Cases; and (v) all parties who, as of the filing of the Interim Order, have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.   The Equity Procedures will also be published and made available on the Debtors' Claims and Noticing Agents website at: https://cases.stretto.com/vice.

7.      To the extent confidential information is required in any declaration described in the Equity Procedures, such confidential information may be filed and served in redacted form in accordance with the notice procedures set forth in the Motion; provided, that such declarations shall also be served on the U. S. Trustee and the Bankruptcy Court in unredacted form; and provided further, that such filing is

---

[3]    If the Court enters such an order, the claims procedures shall apply as of the Petition Date and, accordingly, to all transfers of claims from and after the Petition Date.

without prejudice to any party's right to seek to unseal such confidential information.

7.8.    The Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to effectuate the relief granted in this Interim Order.

8.    The requirements set forth in Bankruptcy Rule 6003(b) are deemed inapplicable to the Motion.

9.    Notice of the Motion, as provided therein, is deemed good and sufficient under the circumstances, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10.    The requirements of Bankruptcy Rule 6004(h), to the extent applicable, are hereby waived, and this Interim Order shall be immediately effective and enforceable upon its entry.

11.    The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2023, at__:__ _.m. (prevailing Eastern Time).  Any party in interest objecting to the relief sought at the Final Hearing or in the Final Order shall file and serve a written objection, which objection shall be served upon:  (i) proposed counsel for the Debtors, Togut, Segal & Segal LLP, One Penn Plaza, Suite 3335, New York, NY 10119 (Attn:  Kyle J. Ortiz and Brian F. Moore); (ii) proposed special counsel for the Debtors, Shearman & Sterling LLP, 599 Lexington Avenue, New York, NY 10022 (Attn.:  Fredric Sosnick) and Shearman & Sterling LLP, 2601 Olive Street, 17th Floor, Dallas, TX 75201 (Attn.:  Ian E. Roberts); (iii) the U.S. Office of the United States Trustee, Alexander Hamilton Custom House, One Bowling Green for Region 2, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 1000410014 (Attn:  Andrea B. Schwartz and Annie Wells); (iv) Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166 (Attn:  David M. Feldman, Michael S. Neumeister, and Tommy

Scheffer), counsel to the DIP/First Lien Group; (v) Wachtell, Lipton, Rosen & Katz, 51 West 52nd Street, New York, NY 10019 (Attn: Scott K. Charles and Neil M. Snyder), counsel to TPG Virat Holdings 1, L.P., and Sixth Street Virat Holdings 3, LLC; (vi) Shipman & Goodwin LLP (Attn: Marie C. Pollio), counsel to Wilmington Trust, National Association; and (vii) counsel to any statutory committee appointed in these Chapter 11 Cases, in each case so as to be received no later than _____, 2023, at 11:59 p.m. (prevailing Eastern Time). If no objections to the entry of the Final Order are timely filed, this Court may enter the Final Order without further notice or a hearing.

12.    Notwithstanding anything to the contrary contained in the Motion or this Interim Order, any payment to be made and any relief or authorization granted hereunder shall be limited by, and shall be subject to, the requirements imposed on the Debtors in any orders entered by this Court authorizing the Debtors to obtain debtor-in-possession financing and authorizing the use of cash collateral (any such order, a "DIP Order"), including, for the avoidance of doubt, the debtor-in-possession financing and cash collateral budget. To the extent of any conflict (but solely to the extent of such conflict) between the terms of this Interim Order and the terms of any DIP Order, the terms of the DIP Order will govern.

13.    This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Interim Order.

Dated:_____                    _____
                                             UNITED STATES BANKRUPTCY JUDGE